**MODELLA MANUFACTURING COMPANY, Inc., Plaintiff,**

v.

**FAMOUS BATHROBE CO., Inc., Defendant.**

United States District Court
S. D. New York.

July 16, 1956.

Nemeroff, Jelline, Danzig & Paley, New York City, P. E. Henninger, New York City, of counsel, for plaintiff.

William R. Liberman, New York City, for defendant.

CASHIN, District Judge.

■ In this action the plaintiff, Modella Manufacturing Company, Inc., seeks damages and injunctive relief against the defendant, Famous Bathrobe Co., Inc., for infringement of plaintiff's patent No. 2,695,615, and defendant counterclaims for a declaratory judgment decreeing the patent invalid.

### Findings of Fact

1. Plaintiff, Modella Manufacturing Company, Inc., is the ultimate assignee and owner of patent No. 2,695,615, dated November 30, 1954, issued to Victor H. Del Guercio.

2. Plaintiff's patent is essentially for an infant's diaper cover designed to prevent the passage of moisture but to allow ventilation.

3. The desired effect, i. e., perviousness to air but relative imperviousness to liquid, is achieved by having the diaper cover consist of three layers of cloth in the crotch area; the outer layer of knitted, water repellent cloth; the intermediate layer of "difficult to stretch" water repellent material; and the inner layer of knitted water repellent cloth.

4. Plaintiff's product has been a commercial success since its introduction into the market in early 1954 under the trademark "Sleepy-Drye".

5. Defendant also manufactures and markets a diaper cover, under the trademark "Slumber-dri", which is essentially the same as the plaintiff's product and which, in fact, was copied therefrom.

6. All of the constituent elements of plaintiff's product were known to the prior art and its desirable effect is but a sum of the effects of the constituent elements, which result would be obvious to any mechanic skilled in the art.

Conclusions of Law

I. Plaintiff's patent No. 2,695,615 is invalid for failure to disclose a patentable invention.

II. The complaint of the plaintiff is dismissed.

III. The defendant's counterclaim for declaratory judgment decreeing the patent invalid is granted.

The plaintiff seeks enforcement of a patent for a diaper cover. In the plaintiff's commercial embodiment of the patented article, the outer and inner layers are made of knitted, water repellent cotton, while the intermediate layer is made of woven, water repellent flannelette. Neither of the types of cloth mentioned is claimed to be covered by the patent. What the plaintiff contends is novel in its product is its twofold qualities of not stretching out of shape due to the natural sleeping movements of the infant, and of retaining its water repellency after numerous launderings. The plaintiff introduced testimony tending to show that prior to the alleged invention any diaper cover effective to prevent the passage of moisture would have the concomitant result of a skin irritation to the infant, commonly known as a "diaper rash", due to ammonia resulting from a combination of the uric acid in the infant's urine and the infant's body bacteria in close confinement. The cause of this undesirable situation was that all previous diaper covers were "waterproof" as distinguished from "water repellent", i. e., the pores of the material were completely closed so that the passage of air as well as liquid was completely inhibited.

The experiments of Del Guercio, the alleged inventor, with his own child, indicated that while layers of water repellent knitted material would effect the desired result under ideal conditions, the natural body movement of the child during sleep would stretch the layers of material and thus destroy their water repellency. Del Guercio solved this problem by stitching to the water repellent knitted material a layer of woven flannelette which, in the manner in which it was used, prevented such stretching. The product was efficient for a short period of time but after a few launderings the flannelette lost its desirable qualities. Del Guercio solved this latter problem by inserting the layer of flannelette between the two layers of knitted cotton fabric. Buffering the flannelette with the cotton material protected the flannelette from unwanted results of laundering.

There appears no doubt that the plaintiff's product was commercially successful and that the defendant, to meet competition, slavishly copied it. However, no legal wrong can be found since the plaintiff did not disclose any patentable invention. In order to gain the monopoly secured by the patent statutes (35 U.S.C.A. § 100 et seq.) more than an aggregation of old elements producing no new function must be shown and more ingenuity must be present than would be expected from an ordinary mechanic skilled in the art. Hotchkiss v. Greenwood, 11 How. 248, 52 U.S. 248, 13 L.Ed. 683; Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84, 62 S.Ct. 37, 86 L.Ed. 58; Great A & P Tea Co. v. Supermarket Equipment Corporation, 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162.

In the patent under consideration, all of the elements are old; all of the results of the aggregation of the elements are predictable; and no ingenuity is shown exceeding that to be expected from the ordinary mechanic skilled in the art. Mere commercial success can-

not be a substitute for the absence of patentable novelty. Rolscreen Co. v. Abraham & Straus, Inc., 2 Cir., 105 F.2d 962.

The patent being invalid, it cannot be infringed.